**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4130
_____

WILLIAM LOPEZ-ALBENO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089 238 057)
Immigration Judge:  Honorable R.K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2013
Before:  SMITH, GREENAWAY, JR. and SHWARTZ, Circuit Judges

(Opinion filed:  June 25, 2013)
_____

OPINION
_____

PER CURIAM

William Lopez-Albeno ("Lopez")[1] petitions for review of an order of the Board of Immigration Appeals that dismissed his appeal of an Immigration Judge's ("IJ") removal order. We will deny the petition for review.

Lopez, a native and citizen of Guatemala, entered the United States without inspection in 2001 to find work. He applied for withholding of removal and protection under the Convention Against Torture ("CAT") in 2009. Lopez testified that in 2006, his disabled brother, then age 13, had been raped by a neighbor who was a member of a gang. Lopez's mother reported the rape to the police, but then dropped the charges when the rapist threatened the family with death. Lopez argued that if he returned to Guatemala, the rapist would persecute him as a member of a particular social group; i.e., his nuclear family, because Lopez had sent money to his mother to investigate the rape.

The IJ found Lopez credible, but denied all relief except voluntary departure. Lopez appealed to the BIA. The BIA affirmed the IJ's determination that Lopez had failed to file a timely asylum application, and that he failed to meet his burden of proof for withholding of removal or protection under the CAT. Lopez filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).[2] In order to establish

---

[1] The Board of Immigration Appeals' caption lists the name as "William Lopez-Alpeno." However, it appears that Petitioner's true name is Wilian Lopez Albeño. A.R. 105-06, 254. We will follow our docket's caption, which corrects the second surname, but repeats the apparent misspelling of the first name.

[2] We have jurisdiction to consider only issues that have been administratively exhausted.

eligibility for withholding of removal, a petitioner must show that it is more likely than not that his life or freedom would be threatened if returned to his country due to a protected ground, such as membership in a particular social group. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008). The feared persecutory acts must be committed by the government or forces the government is either unable or unwilling to control. Garcia v. Att'y Gen., 665 F.3d 496, 505 (3d Cir. 2011). We will reverse a Board decision denying withholding of removal only if a "reasonable fact-finder would have to conclude that the requisite fear of persecution existed." Li v. Att'y Gen., 633 F.3d 136, 140 (3d Cir. 2011).[3]

We need not reach the question of whether Lopez's family is a legally cognizable particular social group, as we agree with the BIA that he has not shown a clear

---

8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) (exhaustion requirement attaches to each particular issue raised by petitioner). The brief Lopez's attorney filed with the BIA consisted of one sentence, devoid of any issues. A.R. 45. His notice of appeal to the BIA consists of two factual assertions and one legal conclusion, but does not assert any error on the part of the IJ. A.R. 60. Nonetheless, because the BIA considered, sua sponte, whether Lopez warranted withholding of removal, we have jurisdiction to consider that question. Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008). Counsel's submissions on appeal also barely meet the professionalism this Court expects, as reflected by his arguments that lack any basis in law or extensions thereof (such as urging us to apply a "reasonable child" standard to determine whether Lopez had established the requisite fear of persecution), and his loose use of facts (stating that Lopez was "forced to leave Guatemela" and was "scared out of his wits" when testimony shows that Lopez left for economic reasons, well before his brother's rape).

[3] Lopez has not raised any issues regarding the untimeliness of his asylum claim or the denial of relief under the CAT. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (issues not raised in opening brief waived).

probability of being persecuted in Guatemala by a person or organization that the government is unwilling to control. Indeed, it appears that the government was willing to prosecute the rapist, but did not do so based on Lopez's family's request. We will deny the petition for review, as a reasonable fact-finder would not be compelled to conclude that Lopez has established the requisite fear of persecution.